UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DAWN MITCHELL, )
 )
    Plaintiff, )
 )
v. ) Case No. CIV-17-889-G
 )
NANCY A. BERRYHILL, )
Acting Commissioner of )
Social Security, )
 )
    Defendant. )

## OPINION AND ORDER

Plaintiff Dawn Mitchell brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Upon review of the administrative record (Doc. No. 15, hereinafter "R. _") and the arguments and authorities submitted by the parties, the Court reverses the Commissioner's decision and remands the matter for further proceedings.[1]

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed her application for DIB on February 12, 2014, alleging a disability onset date of January 1, 2014, as amended. R. 19, 204-12, 230, 231-33, 242-55. Following denial of Plaintiff's application initially and on reconsideration, an

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

administrative law judge ("ALJ") held a hearing. R. 46-85, 114-18, 123-25. The ALJ issued an unfavorable decision on July 28, 2016. R. 19-39.

The Commissioner uses a five-step sequential evaluation process to determine eligibility for disability benefits. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520, .1520(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of January 1, 2014, through her date last insured of December 31, 2014. R. 21. At step two, the ALJ determined that Plaintiff had the severe impairments of: degenerative disc disease; post 2008 lumbar fusion; osteoarthritis; degenerative joint disease in hip; and asthma. R. 21-24. At step three, the ALJ determined that Plaintiff's impairments did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 24-25.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her impairments. R. 25-38. The ALJ found that Plaintiff had the RFC to perform sedentary work subject to the additional limitations that Plaintiff can:

> never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; frequently balance; occasionally stoop, kneel, crouch, or crawl; tolerate occasional exposure to environmental irritants such as fumes, odors, dusts and gases.

R. 25; *see* 20 C.F.R. § 404.1567(a) (defining "sedentary work"). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work and that transferability of job skills was not a material issue. R. 38.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of her age, education, work experience, and RFC—could perform. Taking into consideration the hearing testimony of a vocational expert regarding the degree of erosion to the unskilled sedentary occupational base caused by Plaintiff's additional limitations, the ALJ concluded that Plaintiff could perform occupations such as telephone information clerk, document preparer, and food-and-beverage order clerk, all of which offer jobs that exist in significant numbers in the national economy. R. 38-39. On this basis, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from January 1, 2014, the alleged onset date, through December 31, 2014, the date last insured. R. 39. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable decision the final decision of the Commissioner. R. 1-6; *see also* 20 C.F.R. § 404.981. This action for judicial review followed.

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004)

3

(internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

In this action, Plaintiff alleges that the ALJ failed to properly consider various medical opinions, resulting in the improper omission of certain restrictions from the RFC assessment. *See* Pl.'s Br. (Doc. No. 18) at 6-20. The Court agrees.

*A. Whether the RFC should have included restrictions on overhead reaching*

Among Plaintiff's first arguments is the assertion that the ALJ failed to properly consider the opinion of her treating orthopedic surgeon Michael H. Wright, MD. *See id.* at 2. Dr. Wright treated Plaintiff in 2007, performed her spinal surgery in 2008, and continued to treat her through May of 2009. *See*, *e.g.*, R. 340-42, 389, 392, 498. On March 5, 2009, Dr. Wright released Plaintiff to "light [work] duty with 10 pounds lifting, 10 pounds pushing and pulling, sedentary work." R. 509. The ALJ gave this opinion great weight. R. 29. Subsequently, on May 21, 2009, Dr. Wright released Plaintiff to work with "permanent restrictions of no lifting more than 25 pounds, no pushing or pulling more than 40 pounds, occasional bending and stooping, limited overhead work." R. 498 (finding that

4

Plaintiff had "achieved a point of maximum medical improvement from conservative care"). The ALJ did not discuss this opinion. *See* R. 27-36.

Plaintiff contends that it was error the ALJ to rely upon the March 5, 2009 temporary restrictions rather than the May 21, 2009 permanent restrictions. The Court agrees that permanent, later-issued restrictions are generally more probative of a claimant's abilities than are temporary restrictions. The ALJ's written decision does not reflect that the ALJ properly considered or was even aware of Dr. Wright's final opinion. Moreover, the ALJ's RFC determination does not include a limitation on overhead work; nor does the written decision address that omission.

An ALJ may reject the opinion of a treating physician, but only upon supplying "specific, legitimate reasons" for doing so. *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001). The ALJ's rejection of Dr. Wright's later opinion fails to comply with this legal standard as it fails to adequately explain the ALJ's basis for omitting overhead limitations from the RFC. *See Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003); 20 C.F.R. § 404.1527(c); *see also* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[T]he ALJ . . . must discuss . . . significantly probative evidence he rejects."); *Lately v. Colvin*, 560 F. App'x 751, 754 (10th Cir. 2014) ("[W]hen an ALJ fails to explain the reasons for not crediting a medical source opinion we cannot meaningfully review the ALJ's determination . . . ." (citation and internal quotation marks omitted)).

Plaintiff also asserts that the ALJ failed to properly consider the opinion of treating neurosurgeon Robert L. Remondino, MD. *See* Pl.'s Br. at 6. Dr. Remondino treated Plaintiff in 2009 and, as the ALJ acknowledged, limited Plaintiff to "a 20-pound weight limit and restricted overhead work." *See* R. 476, 482, 495; *see also* R. 30. The ALJ gave moderate weight to Dr. Remondino's opinion, stating that "the evidence documents [Dr. Remondino's] impression of work related injury resulting in pain to the neck, left shoulder, back, and left leg." R. 30. But as noted the ALJ did not adopt any overhead-work restrictions in the RFC and did not explain why she omitted them. Thus, the ALJ's rejection of Dr. Remondino's opinion regarding overhead reaching likewise fails to comply with the legal standards set forth above.[2]

Defendant points out that the ALJ ultimately found that Plaintiff was more limited in her lifting, pushing, and pulling abilities then was reflected in Dr. Wright's permanent restrictions or Dr. Remondino's restrictions. *See* Def.'s Br. (Doc. No. 22) at 7. As such, Defendant argues, Plaintiff cannot establish error because giving greater weight to either of those opinions would not have helped her. *Se id.* The ALJ's RFC did not include

---

[2] With respect to Dr. Wright's opinion, Plaintiff also argues that the ALJ erred in failing to include in the RFC limitations for occasional bending or stooping. *See* Pl.'s Br. at 6. Alternatively, Plaintiff argues that the ALJ should not have considered Dr. Wright's or Dr. Remondino's opinions at all because they are "stale." *Id.* at 6-7. Based on the recommendation of remand, the Court need not address these claims. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

limitations on overhead reaching, however, and thus was not more limited than the physicians' opinions in that regard.

Defendant also argues that the ALJ's limitation to sedentary work "adequately accounts for Plaintiff's physical limitations." *Id.* at 8 (citing R. 25; 20 C.F.R. § 1567(a)). Neither the regulatory definition of sedentary work nor the ALJ's description of sedentary work addresses reaching, however. *See* 20 C.F.R. § 1567(a); R. 25; *cf. Saiz v. Barnhart*, 392 F.3d 397, 400 (10th Cir. 2004) (stressing the importance of considering limitations in a plaintiff's ability to reach in conjunction with a sedentary RFC); SSR 85-15, 1985 WL 56857, at *7 (Jan. 1, 1985) (noting that reaching is "required in almost all jobs" such that "[s]ignificant limitations of reaching . . . may eliminate a large number of occupations a person could otherwise do").

Finally, Defendant argues that Plaintiff "does not attempt to establish conflicts with the tasks required of a telephone information clerk, document preparer, or food and beverage clerk—the jobs that the ALJ ultimately found she could perform." Def.'s Br. at 8 n.10. All of those jobs, however, require frequent reaching. *See Dictionary of Occupational Titles* (4th rev. ed. 1991) 237.367-046 (telephone information clerk), 1991 WL 672194; *id.* 249.587-018 (document preparer), 1991 WL 672349; *id.* 209.567-014 (food and beverage order clerk), 1991 WL 671794. Defendant's arguments are unavailing.

### B. Whether the ALJ should have included restrictions related to Plaintiff's mental health

Plaintiff additionally argues that the ALJ should have included in the RFC limitations related to Plaintiff's mental health. *See* Pl.'s Br. at 18-21. Relying on the

7

opinions of the state-agency reviewing psychological consultants Joseph Tramontana, PhD, and Burnard Pearce, PhD, whose opinions the ALJ gave "great weight," the ALJ found that Plaintiff's medically determinable mental impairment of anxiety was nonsevere. R. 22-23.

The ALJ was required to consider the effects of Plaintiff's mental impairment whether found to be severe or nonsevere. *See Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) ("[T]he ALJ must consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe*."). The ALJ's decision does not reflect that she did so.

Upon initial consideration of Plaintiff's DIB application, Dr. Tramontana found that Plaintiff's medically determinable mental impairments were nonsevere. R. 91-92 (diagnosing anxiety disorders and affective disorders). Dr. Tramontana did not complete a Mental Residual Functional Capacity Assessment ("MRFC") and did not find any mental restrictions or limitations were present. *See* R. 91-93. Upon reconsideration, however, Dr. Pearce completed an MRFC and found that Plaintiff was: moderately limited in her ability to understand and remember detailed instructions; moderately limited in her ability to carry out detailed instructions; and moderately limited in her ability to interact appropriately with the general public. R. 110-11. In the narrative section of the MRFC, Dr. Pearce noted that Plaintiff "can perform simple and some complex tasks," "can relate to others on a superficial work basis," and "can adapt to a work situation." R 112; *see also Carver v. Colvin*, 600 F. App'x 616, 618-19 (10th Cir. 2015) (explaining that the narrative section of the MRFC should be considered in the RFC assessment). Though the ALJ assigned great

weight to Dr. Pearce's opinion, none of these restrictions is included in the RFC. *See* R. 22-24, 25. Nor does the written decision address that omission. The ALJ's rejection of Dr. Pearce's findings therefore fails to comply with the relevant legal standards, as it fails to show that the ALJ adequately considered Plaintiff's mental impairment in formulating the RFC and fails to adequately explain the lack of any mental limitations in the RFC determination. *See Wells*, 727 F.3d at 1065; *Carnline v. Colvin*, No. CIV-15-0167-HE, 2016 WL 740304 at *2, *6 (W.D. Okla. Feb. 24, 2016) (remanding when ALJ concurred with the findings of state-agency psychologists but did not adopt or explain the rejection of limitations found by the psychologists); *see also* SSR 96-8p, 1996 WL 374184, at *7; *Clifton*, 79 F.3d at 1010.[3]

### C. Whether the ALJ's decision otherwise contains reversible error

Based on the necessity to remand this case, the Court need not address the remaining claims of error raised by Plaintiff. *See Watkins*, 350 F.3d at 1299.

### CONCLUSION

Based on the foregoing analysis, the decision of the Commissioner is REVERSED and REMANDED in accordance with sentence four of 42 U.S.C. § 405(g). Judgment will issue accordingly.

---

[3] Defendant argues that, because all of the jobs that the ALJ found Plaintiff could perform are "unskilled," Plaintiff has not shown reversible error. Def.'s Br. at 15. However, the ALJ did not explicitly limit the RFC to unskilled work. *See* R. 25. As such, acceptance of this harmless-error argument "would require the reviewing court to both insert a specific restriction to unskilled work and provide the factual and logical basis to justify the restriction." *Carnline*, 2016 WL 740304, at *2 (citing *Groberg v. Astrue*, 505 F. App'x 763, 770 (10th Cir. 2012)).

IT IS SO ORDERED this 14th day of March, 2019.

CHARLES B. GOODWIN
United States District Judge