# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DAWN MITCHELL,             )
                               )
        **Plaintiff,**          )
                               )
**v.**                             )      **Case No. CIV-17-889-G**
                               )
**ANDREW SAUL,**          )
**Commissioner of Social Security,**[1]  )
                               )
        **Defendant.**       )

## ORDER

On March 14, 2019, the Court entered an Order and a Judgment reversing the decision of the Social Security Administration ("SSA") and remanding this case for further proceedings. *See* Doc. Nos. 24, 25. Now before the Court is Plaintiff Dawn Mitchell's Motion for Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. §§ 2412 et seq. *See* Pl.'s Mot. (Doc. No. 26) and Pl.'s Br. (Doc. No. 27). Defendant has responded. *See* Doc. No. 28.

### I. *Attorney Fee Awards Under the EAJA*

Section 2412(d) of the EAJA provides that a prevailing party other than the United States shall be awarded reasonable fees in a civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A). The "position of the United

---

[1] The current Commissioner is substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

States" includes not only the position taken by the government in the present civil action but also "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). "[T]he required 'not substantially justified' allegation imposes no proof burden on the fee applicant"; "the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *accord Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). To make this showing, the government must prove that its case "had a reasonable basis in law and in fact." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988); *see also* 28 U.S.C. § 2412(d)(1)(B) (prescribing that whether the government's position was substantially justified is determined based on the record before the court, including the record of the agency's action or failure to act upon which the civil action was based).

II.   *Discussion*

A.   *Whether Plaintiff Is the Prevailing Party*

As noted above, the Court previously reversed the Commissioner's decision denying Plaintiff's applications for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-434. Having obtained reversal and remand under sentence four of 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" for purposes of the EAJA. *See* J. at 1; 28 U.S.C. § 2412(d)(2)(B); *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

B.   *Whether the Government's Position Was Substantially Justified*

In the administrative proceedings below, the administrative law judge ("ALJ") erred by failing to properly evaluate multiple medical opinions, "resulting in the improper

omission of certain restrictions from the [residual functional capacity] assessment." *Mitchell v. Berryhill*, No. CIV-17-889-G, 2019 WL 1199859, at *2 (W.D. Okla. Mar. 14, 2019). Specifically, the ALJ failed to properly consider two treating-physician opinions as to physical restrictions and failed to properly consider a state-agency examining psychologist's opinion as to mental restrictions. *See id.* at *3-4. The Court found that reversal was required on these bases and declined to address other propositions of error raised by Plaintiff. *See id.* at *4 (citing *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003)).

Defendant does not argue, and thus has not shown, that the United States' position before the SSA and this Court was substantially justified. *See* Def.'s Resp. at 1 ("[T]he Commissioner does not object to Plaintiff's request based on substantial justification."); 28 U.S.C. § 2412(d)(1)(A), (d)(1)(B), (d)(2)(D).

### C. *Plaintiff's Requested Hourly Rate*

An attorney's fee award under the EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A). Plaintiff has requested an upward adjustment of this statutory rate, and Defendant does not challenge the hourly attorney fees requested by Plaintiff. *See* Def.'s Br. at 1. The Court takes judicial notice of the fact that SSA's Office of General Counsel ("OGC") in Denver has agreed as a matter of policy that $197.00 is a reasonable hourly rate for attorney work performed in 2017, and $202.00 is a reasonable hourly rate for attorney work performed in 2018 and 2019, on Social Security cases in the Western District of Oklahoma. *See* Pl.'s Br. Ex. 1, Mem. from Denver OGC Office

Regarding Soc. Sec. Litig. in Okla. & N.M. (Feb. 21, 2019) (Doc. No. 27-1). Plaintiff therefore is entitled to an upward adjustment of the statutory rate consistent with the evidence provided.

Plaintiff also may recover "paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). Plaintiff requests an hourly rate of $110.00 for paralegal work performed in 2017, 2018, and 2019. *See* Pl.'s Mot. Ex. 1 (Doc. No. 26-1) at 3. Defendant does not object to this proposed hourly rate, and the Court finds that it is consistent with the prevailing market rates in the Western District of Oklahoma for this time period. *See Vincent v. Berryhill*, 247 F. Supp. 3d 1228, 1233 (W.D. Okla. 2017); *Prince v. Berryhill*, No. CIV-15-933-G, 2018 WL 1249908, at *3 (W.D. Okla. Mar. 9, 2018).

### D. Whether Plaintiff's Fee Request Is Reasonable

The Court is aware of no special circumstances that would make an award of attorney's fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Thus, the only remaining issue is the reasonableness of Plaintiff's fee request, which totals $7339.55. *See id.* § 2412(d)(1)(A), (d)(1)(B), (d)(2)(A). In exercising good billing judgment, "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Presley v. Shinseki*, No. 12-1961-E, 2014 WL 2069643, at *2 (Vet. App. May 20, 2014) ("The public fisc should not shoulder the burden of unreasonable billing under the guise of 'industry norms.'").

Defendant argues that the number of hours for which Plaintiff seeks to be paid is excessive and that some work is duplicative or otherwise not properly compensable. *See* Def.'s Resp. at 3-7. The Court has considered Defendant's arguments and agrees.

First, Plaintiff requests compensation for three hours of attorney time spent reviewing the ALJ's decision and administrative-hearing "notes" and determining whether to file an action for judicial review in this Court. *See* Pl.'s Mot. Ex. 1, at 1. The Court agrees that this amount of time is excessive for reviewing a 21-page ALJ decision. *See Yandell v. Colvin*, No. CIV-14-1151-STE, 2016 WL 4250466, at *2 (W.D. Okla. Aug. 10, 2016) (reducing a requested award and stating that a 21-page ALJ decision "should have taken no longer than one hour to read" "at the most"). This time shall be reduced to 1.5 hours.

Next, Plaintiff requests .25 attorney hours to "Receive and review Defendant's Answer." *See* Pl.'s Mot. Ex. 1, at 1. Defendant's answer is three double-spaced pages, filed in response to Plaintiff's counsel's standard and nonspecific complaint. One-quarter of an hour is excessive, and this time shall be reduced to 0.1 hours.

Third, the Court agrees that Plaintiff's counsel should not be compensated for the 1.0 attorney hours identified as time spent "[p]repar[ing] index for brief." *Id.* Such nonlegal work is more appropriately delegated to a paralegal or support staff and shall be disallowed. *See Hendley v. Shinseki*, No. 09-2803(E), 2012 WL 2511583, at *2 (Vet. App. June 29, 2012).

The Court has considered Defendant's remaining challenges to Plaintiff's requested attorney fees and paralegal fees but disagrees that Plaintiff's fee request otherwise reflects

excessive, duplicative, or noncompensable billing. The Court therefore will grant Plaintiff's request excepting the deductions noted above.

## CONCLUSION

Having considered the parties' arguments as well as the relevant record, the Court concludes that: (1) Plaintiff is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that make an award of fees unjust in this case; and (4) the amount of the fee requested, as adjusted herein, is reasonable. The Court therefore GRANTS IN PART Plaintiff's Motion (Doc. No. 26) and awards attorney's fees under the EAJA in the amount of $6812.50, with said amount to be paid directly to Plaintiff and sent in care of Miles Mitzner, P.O. Box 5700, Edmond, Oklahoma 73083-5700. If attorney's fees are also awarded under 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 24th day of July, 2019.

CHARLES B. GOODWIN
United States District Judge